FILED
September 22, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002105377

Debra I. Grassgreen (CA Bar No. 169978)
Miriam Khatiblou (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California  94111-4500
Telephone: 415/263-7000
Facsimile:  415/263-7010

E-mail:dgrassgreen@pszjlaw.com
　　　　mkhatiblou@pszjlaw.com

Attorneys for Plaintiff, Kraft Foods Global, Inc.

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>SK FOODS, L.P., a California Limited Partnership, et al.,<br><br>　　　　　　　　Debtors. | Case No.: 09-29162-D-11<br><br>Chapter 11 |
| KRAFT FOODS GLOBAL, INC.,<br><br>　　　　　　　　Plaintiff<br><br>　　　　vs.<br><br>BRADLEY D. SHARP, in his capacity as Chapter 11 Trustee for SK FOODS, LP., et al.,<br><br>　　　　　　　　Defendant | DCN PSZ - 1<br><br>Adversary Proceeding No.: **09-02618**<br><br>**KRAFT'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:　　　TBD<br>Time:　　　TBD<br>Place:　　　U. S. Bankruptcy Court<br>　　　　　　Courtroom 34<br>　　　　　　501 I Street<br>　　　　　　Sacramento, CA 95814<br>Judge:　　　Honorable Robert S. Bardwil |

PACHULSKI STANG ZIEHL & JONES LLP

Kraft Foods Global, Inc. ("Kraft") respectfully moves for a preliminary injunction enjoining the chapter 11 trustee (the "Trustee") for SK Foods, L.P. ("SK Foods") and RHM Industrial/Specialty Foods, Inc., a California Corporation, d/b/a Colusa County Canning Co. (collectively, the "Debtors") from using, transferring or dissipating the sum of $4,293,672 and/or requiring the Trustee to segregate that amount into a separate account pending the resolution of this adversary proceeding.

Kraft seeks injunctive relief on the following grounds.

As of the time of the Debtors' bankruptcy filing on May 7, 2009, Kraft owed SK Foods the sum of $4,293,672 for products that were purchased and delivered to Kraft during the pre and post petition period (the "Kraft Debt"). However, shortly after the Debtors' bankruptcy filing, and with SK Foods' knowledge, Kraft's senior management placed the payment of the Kraft Debt on 'administrative hold' in order to allow Kraft to preserve and pursue its substantial fraud claims against SK Foods.[1] Kraft's counsel also advised the Trustee of the administrative hold on June 29, 2009 and at various times thereafter, and advised that Kraft would retain the hold until Kraft's setoff claims were resolved either consensually or through a motion for relief from stay.

Despite the notices to SK Foods of the administrative hold, SK Foods continued to contact Kraft's accounts payable department in an attempt to collect the Kraft Debt. As a result of SK Foods' persistent and confusing communications with Kraft's accounts payable department advising it that hold could be released, that department mistakenly issued a payment to SK Foods in the amount of $4,293,672 ("Payment").

At no time did Kraft authorize the payment or intend to waive its setoff or recoupment claims as a result of the mistaken payment.

On September 8, 2009, Kraft learned that the Trustee intends to transfer $15,000,000 to the Debtors' secured lenders by or around the end of September 2009 in partial satisfaction of a certain pre-petition lending agreement, leaving the estate with approximately $10,000,000 to fund payment of its operations. Pursuant to the *Second Stipulation Continuing Final Order Authorizing The*

---

[1] Kraft contends that it has significant claims against SK Foods arising out of SK Foods' scheme to bribe a Kraft purchasing manager between 2004 and 2008. Kraft learned about the fraudulent scheme through the FBI's investigation of SK Foods corrupt business practices and the plea agreements that resulted from the investigation.

*Debtors to Use The Secured Lenders' Cash Collateral and Granting Adequate Protection*, entered on July 27, 2009, the estates are expected to incur over $7.4M in administrative expenses between July and September 2009. At this burn rate, if an injunction is not granted preventing the Trustee from using or transferring an amount equal to the Payment or requiring that amount to be segregated, Kraft faces the very real risk that by trial of this adversary proceeding, the Trustee will not have sufficient funds to refund the mistaken Payment and any constructive trust will be worthless because the trust's assets will have been dissipated.

## NOTICE TO TRUSTEE

As set forth in the supporting declaration of Miriam Khatiblou, on September 22, 2009, counsel for the Trustee was advised that Kraft would file a Complaint for Money Had and Received, Restitution, Imposition of Constructive Trust, and Injunctive Relief ("Complaint") and a motion for order shortening time for a hearing on Kraft's Motion for Preliminary Injunction. Kraft advised the Trustee that it would request a hearing on the Motion on October 5, 2009 before the Honorable Robert S. Bardwil. A copy of aforementioned pleadings were served on Mr. Coleman by email on September 22, 2009.

This Motion is made pursuant to Rule 65 of the Federal Rules of Civil Procedure and Rule 7065 of the Federal Rules of Bankruptcy Procedure, as well as Local Rule 7065-1. This Motion is based on the Complaint, the accompanying Memorandum of Points and Authorities, and the supporting declarations of Scott Manion, Debra Grassgreen, Miriam Khatiblou, Laura Hernandez, and Barbara Rodriguez.

Dated: September 22, 2009                    PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ Miriam Khatiblou*
    Miriam Khatiblou
    Attorneys for Plaintiff
    Kraft Foods Global, Inc.